IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY SIMMONS, | : | No.: 4:15-CV-1268 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| NANCY BERRYHILL[1], ACTING COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

JUNE 29, 2017

## I. BACKGROUND

On June 28, 2015, Plaintiff, Timothy Simmons, through counsel, filed a complaint in this Court seeking review of the Defendant's denial of social security benefits to him. The matter was jointly assigned to me and to a magistrate judge who issued a report and recommendation on September 1, 2016. The magistrate judge recommended that the decision of the Commissioner of Social Security be affirmed and the matter dismissed. Plaintiff had the opportunity to file an objection to the report and recommendation but did not file one. On September 26,

---

[1] The complaint correctly named Carolyn W. Colvin as Defendant as she was the Acting Commissioner of Social Security at the time the complaint was filed. As of January 23, 2017, Nancy Berryhill is the Acting Commission of Social Security.

1

2016, following a *de novo* review, I adopted the report and recommendation and dismissed the action.

On December 2, 2016, Plaintiff filed a *pro se* motion for reconsideration. A letter providing evidentiary support for his motion was filed by a health care provider for Plaintiff on March 22, 2017. On March 27, 2017, the Commissioner of Social Security filed an objection to the motion.

## II. DISCUSSION

It is well-established that "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."[2] A court should grant a motion for reconsideration if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[3]

"A motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made."[4] In such a motion, "parties are not free to relitigate issues that the Court has already decided."[5] "The standard

---

[2] *Harsco v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985).
[3] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[4] *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002).
[5] *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (internal citation and quotations omitted).

for granting a motion for reconsideration is a stringent one . . . . [A] mere disagreement with the court does not translate into a clear error of law."[6] "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."[7]

Plaintiff's motion here is brief and incomplete, but because he is proceeding *pro se*, I will construe his filing 'liberally.' "The obligation to liberally construe a pro se litigant's pleadings is well-established."[8] I take the liberty of copying the motion in its entirety here:

---

[6] *Mpala v. Smith*, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) *aff'd*, 241 F. App'x 3 (3d Cir. 2007).
[7] *Cont'l Cas. Co. v. Diversified Indus., Inc.,* 884 F. Supp. 937, 943 (E.D. Pa. 1995).
[8] *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972*); see also Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 n. 1 (3d Cir.2009) ("[W]e remain mindful of our obligation to construe a pro se litigant's pleadings liberally.") (*citing Haines*, 404 U.S. at 520–21, 92 S.Ct. 594).



Me, Judge Matttatw BeANN,  11/30/16

Could you please reconsideration my CASE # 15CY1268, 9-26-16 I WAS imprisonment from the you did my S.S.I. CASE.

Thank you for understanding And Consideration in this matter it is greatly appreciated. I eagerly anticipate your response to this request

Thank you, in this matter,

Timothy A Simmons

It is clear from Plaintiff's motion, even liberally construed, that his argument rests solely on the second half of the third reconsideration factor: the prevention of manifest injustice. However, I find no injustice here. Simmons may have been incarcerated at the time the decision was rendered, but he had counsel representing

him throughout this proceeding. Counsel filed the complaint,[9] a motion to proceed *in forma pauperis*,[10] a brief in support of her complaint,[11] and a brief opposing the Defendant's brief.[12] Because Simmons had counsel during the pendency of the proceeding, there is no manifest injustice visited on him by this Court.

### III. CONCLUSION

Having concluded that there is no basis to reconsider my September 26, 2016 Order affirming the decision of the Commissioner of Social Security and entering judgment against Plaintiff, his motion will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[9] ECF No. 1.
[10] ECF No. 2.
[11] ECF No. 11.
[12] ECF No. 13.